RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua DeRoche, | No. CV 11-2180-PHX-DGC (JFM) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Joshua DeRoche, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 3), and an "Inmate Bank Account" statement (Doc. 4). The Court will dismiss the Petition and this case without prejudice.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* and "Inmate Bank Account" statement indicate that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.    Petition**

Named as Respondent in the Petition is Charles L. Ryan. The Attorney General of the State of Arizona is named in the Petition as an Additional Respondent.

In his Petition, Petitioner challenges his custody on his judgment of conviction on

June 8, 2007, for Kidnapping, entered in the Maricopa County Superior Court in matter CR2004-010688-001 DT. Petitioner alleges he was sentenced to a 9.25-year term of imprisonment from June 8, 2007, with 1,263 days of presentence incarceration credit.

Petitioner presents three grounds in the Petition in support of his request for habeas relief:

> (1) "The Institutional Classification Committee repeatedly delays hearing review dates, in violation of the Due Process Clause[,] 14th Amendment[,] U.S. Constitution";
>
> (2) "The Institutional Classification Committee does not allow restoration of forfeited release credits to maximum custody inmates, in violation of the Equal Protection Clause, 14th Amendment, U.S. Constitution"; and
>
> (3) "The Institutional Classification Committee does not allow restoration of forfeited release credits to inmates without access to ETV (Eyman Television), in violation of the Equal Protection Clause, 14th Amendment, U.S. Constitution."

Petitioner seeks the "[w]hole or partial restoration, at the Court's discretion, of approximately one hundred and ten (110) forfeited release credits" and alleges that his available administrative remedies within the prison have been exhausted. However, Petitioner also alleges that he has not presented the issues in any of his grounds to either the Arizona Court of Appeals or the Arizona Supreme Court.

## III. Failure to Exhaust Available State-Court Remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. The failure to exhaust subjects the Petition to dismissal. See Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).

Before Petitioner may seek habeas corpus relief in this Court he must first present his claims to the state courts and exhaust his state court remedies. The fact that release credits

1 are involved does not shield him from the exhaustion requirement.[1] Petitioner states that he
2 has not presented his grounds for relief to the Arizona Court of Appeals or the Arizona
3 Supreme Court. Thus, this habeas action is premature. The Court will dismiss the Petition
4 and this case without prejudice.

**IT IS ORDERED:**

(1)     Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

(2)     Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and this case are **dismissed without prejudice**.

(3)     The Clerk of Court **must enter judgment** accordingly and **close** this case.

(4)     Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court **declines to issue** a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 6th day of December, 2011.

_____
David G. Campbell
United States District Judge

---

[1] A state-court petition for special action may be appropriate when the sentence has not expired. See Crumrine v. Stewart, 24 P.3d 1281 (Ariz. App. 2001) (noting that trial court had construed a state-court petition for habeas corpus regarding the application of earned release credits as a petition for special action and stating that, in order to obtain special action relief, the petitioner was required to show that the Director of the Arizona Department of Corrections "failed to exercise his discretion, failed to perform a duty as to which he had no discretion, or abused his discretion"). A state-court petition for post-conviction relief can be used if "[t]he person is being held in custody after the sentence imposed has expired." Ariz. R. Crim. P. 32.1(d).